## THE MARY H. PACKER.

### EASTON & A. R. CO. v. NEW ENGLAND TRANSP. CO.

(Circuit Court of Appeals, Second Circuit. February 9, 1894.)

TOWAGE—LOSS OF COAL BARGE—EVIDENCE.

Appeal from the District Court of the United States for the Southern District of New York.

This was a libel by the New England Transportation Company against the steam tug Mary H. Packer, the Eastern & Amboy Railroad Company, claimant, to recover damages resulting from the sinking of libelant's coal box N. E. T. Co. No. 42 while in tow of the Packer. The district court rendered a decree for libelant in the sum of $2,988.80, with interest and costs. The claimant appealed.

On the 18th of December, 1891, the tug, which had been engaged in towing fleets of coal barges, etc., between Perth Amboy and New York, had in tow a fleet of several tiers of boats, the libelant's coal box No. 42, loaded with coal, being the outside boat on the port side of the first tier. The tow left the oil dock near Port Johnson in the Kills early in the morning of the 18th for New York, and shortly afterwards libelant's boat sank. The evidence of libelant's witnesses was substantially to the effect that the tug and tow had reached a point in the Kill von Kull near the New Jersey shore, about opposite New Brighton, Staten Island, and abreast of the beacon opposite Constable Hook; that the tow was carried very close to the beacon, and that, when just about abreast of it, a shock was felt upon libelant's boat, and shortly afterwards she began to sink; that the tug was hailed, the towing line cast off from the injured barge, and the whole tow allowed to drift westward with the tide some distance, until the boat sank. The testimony in behalf of the claimant tended to show that the boat was unseaworthy, and was leaking at the time

of starting out in the morning; that the tow never got as far as the beacon in question, and did not go near enough to touch any of the rocks known to exist there; and that the sinking was due alone to her alleged unseaworthy condition. The following opinion was delivered by Brown, District Judge, in the court below:

"The contradictory statements of Wilkins, together with the denials of material facts stated by him, lead me to reject his evidence altogether. The diver's testimony negatives the existence of any large stones upon the bottom near where the libelant's boat finally sank, such as could account for the damage done in carrying away a part of her bottom. No reasonable explanation seems possible, except that which is confirmed by the direct testimony of the libelant's witnesses, viz. that box No. 42 was run upon some obstruction in the Kills near the beacon, where it is well known there are rocks which might produce just such damage as this, if the beacon was approached too near. It is possible that the water, after the strong northwest wind blowing during the night, may have been lower than usual, as one of the witnesses testifies; and, inasmuch as the eddy begins at the beacon, and the tow must have been at least 120 feet wide, the fact that after the injury the tow drifted up the Kills with the flood tide is not inconsistent with the finding that the port side of the tow was so near the northerly shore of the Kills opposite the beacon that the after-part of the libelant's boat, which was loaded deeper by the stern, struck and broke her bottom while passing over one or more of those rocks. As no other reasonable account of the accident can be found, I must hold that this was the cause of it, and that the pilot of the tug is mistaken as to his distance from the line of the beacon. Decree for the libelant, with costs."

Goodrich, Deady & Goodrich, for appellant.

Stewart & Macklin, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. Decree affirmed, with interest and costs, on opinion of district judge.